**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

GILBERT DAVIS,

   Plaintiff,

  v.

MPLS. PUBLIC SCHOOL,

   Defendant.

_____

Civil No. 10-3035 (DWF/JJK)

**REPORT AND RECOMMENDATION**

  Plaintiff commenced this action on July 19, 2010, by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) However, Plaintiff's IFP application is plainly defective, because he failed to sign it, as required by Fed. R. Civ. P. 11(a). Therefore, Magistrate Judge Susan Richard Nelson[1] entered an order that directed Plaintiff to either (a) make arrangements with the Clerk of Court to add his signature to the original IFP application, or (b) file an amended IFP application that was properly signed. (See Order dated July 20, 2010; [Docket No. 3].) Plaintiff was informed that if he did not comply with that order within 30 days, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed, without prejudice, for failure to prosecute.

  The deadline for complying with the prior order in this case has now expired, and Plaintiff has neither signed his original IFP application, nor filed a properly signed

---

  [1] This case was originally assigned to District Court Judge Ann D. Montgomery and Magistrate Judge Susan Richard Nelson, but it was later reassigned to District Court Judge Donovan W. Frank and the undersigned Magistrate Judge, Jeffrey J. Keyes. (See Order dated July 22, 2010; [Docket No. 4].)

amended IFP application.  Furthermore, Plaintiff has offered no excuse for his failure to comply with the prior order.  Indeed, Plaintiff has not communicated with the Court at all since he filed this action.  Therefore, it is now recommended, in accordance with the prior order, that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:  August 31, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 15, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party

may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.